**CITY OF ERIE and City of Erie Aggregate Pension Fund, Petitioners**

**v.**

**DEPARTMENT OF the AUDITOR GENERAL, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 14, 2008.
Decided Nov. 18, 2008.

Gregory A. Karle, Erie, for petitioners.

F. Stephenson Matthes, Deputy Chief Counsel, Harrisburg, for respondent.

Before LEADBETTER, President Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

The City of Erie (City) petitions for review of the October 1, 2007 adjudication and order issued by the Presiding Officer of the Department of the Auditor General (AG) which affirmed the findings and recommendations of the AG's November 27,

2006 compliance audit report requiring the City to refund excess state aid received through the General Municipal Pension System State Aid Program. The issue in this case is whether City police officers and firefighters (participants) who participated in a Partial Lump Sum Distribution Option (PLSDO) were active or retired employees for purposes of calculating state pension aid. We find that the participants were active employees for state pension calculation purposes.

In 2004, the City enacted PLSDO ordinance provisions for municipal police and firefighter pension plans.[1] The PLSDO allowed participants who had reached certain age and length of service requirements to select a "pension look-back date" which preceded their actual termination date by 12, 24 or 36 months. For purposes of pension calculation, the pension look-back date would be used as the effective date for the participant's retirement benefits. The participant would continue to work for the City, but no longer accrue seniority or service credit. The participant was required to continue contributing to his/her pension plans between the pension look-back date and the date of employment termination. Following the participant's termination of employment, he/she would receive his/her normal retirement benefits determined as of the pension look-back date, as well as a lump sum cash distribution equal to the participant's monthly retirement benefit, multiplied by the number of months elected in the PLSDO.

■ During an audit by the AG, it was determined that the City had included PLSDO participants in its calculations for state pension aid. The AG believed that PLSDO participants should not be considered in calculations for state aid because they were, in effect, retired. The City believed that the PLSDO participants should be included in the calculations because they were still actively working between their elected pension look-back date and their actual termination date. The AG's audit recommended that the City reimburse the Commonwealth for the excess state aid received in error. The City challenged the recommendations in the audit report concerning the excess state aid through the AG's administrative process, and the AG's hearing officer sustained the audit report findings. The City appealed to this Court.[2]

■ Section 402 of the Municipal Pension Plan Funding Standard and Recovery Act (Act 205)[3] established a General Municipal Pension System State Aid Program which provides funds that municipalities may use to supplement their pension plans. The amount of money a municipality may receive is based on the number of "each *active* employee who was employed on a full-time basis for a minimum of six consecutive months prior to December 31 preceding the date of certification and who was participating in a pension plan main-

1. Section 147.10 of the City of Erie Administrative Code (Erie Admin. Code) § 147.10 (2004), *repealed by* City of Erie Ordinance 74–2006 (December 20, 2006) (regarding police employees' partial lump sum distribution option), and Section 149.09 of the Erie Admin. Code § 149.09 (2004), *repealed by* City of Erie Ordinance 75–2006 (December 20, 2006) (regarding firefighters' partial lump sum distribution option).

2. The Commonwealth Court's scope of review is limited to determining whether constitutional rights were violated, whether there was an error of law, or whether the findings of fact are supported by substantial evidence. *Goslin v. State Bd. of Med.*, 949 A.2d 372 (Pa.Cmwlth.2008); 2 Pa.C.S. § 704.

3. Act 205 of December 18, 1984, P.L. 1005, *as amended*, 53 P.S. § 895.402.

tained by that municipality...." Section 402(e)(2) of Act 205 (emphasis added).

When reading statutes, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). "When a statute fails to define a term, the term's ordinary usage applies. Dictionaries provide substantial evidence of a term's ordinary usage." *Educ. Mgmt. Servs. v. Dep't of Educ.*, 931 A.2d 820, 825–26 (Pa. Cmwlth.2007) (citations and footnote omitted). Webster's defines "active" as "engaged in an action or activity" or "engaged in full-time service especially in the armed forces." Webster's Ninth New Collegiate Dictionary 54 (1984). It defines "retire" as "to withdraw from one's position or occupation: conclude one's working or professional career." Id. at 1007.

In the present case, the City ordinance allowed employees to participate in the PLSDO. In order to participate, an employee had to attain fifty-one years of age and twenty-one years of service. (Erie Admin. Code §§ 147.10(a), 149.09(a); R.R. at 152a, 160a). The employee would then send written notice of "his/her intention to terminate his/her employment with the City on an Employment Termination Date," and "his/her intention to retire under the Plan as of a Pension Look[-]back Date...." (Erie Admin. Code §§ 147.10(b), 149.09(b); R.R. at 152a, 160a). Following the employment termination date, the employee would receive 1) his/her normal retirement benefit as of the pension look-back date, and 2) "[a] lump sum cash distribution equal to the monthly retirement benefit ... multiplied by the number of months ... specified in the Participant's PLSDO Notice...." (Erie Admin. Code §§ 147.10(c)(1)-(2), 149.09(c)(1)-(2); R.R. at 153a, 161a). Fi-

nally, "[a] participant who elect[ed] a PLSDO [continued] to make all required Participant Contribution to the Plan until his/her selected Employment Termination Date." (Erie Admin. Code §§ 147.10(h), 149.09(h); R.R. at 154a, 162a).

We find that the pension look-back date is merely used for pension calculation purposes, and not as the date that the participant stopped working. A participant, according to the ordinance, would continue to work on a full-time basis and contribute to the pension plan. As the definition of "active" indicates, the participants are engaged in an activity, i.e., their continued employment. There were no limitations or restrictions placed on their jobs once they elected the PLSDO. They did not "conclude their working career" until their chosen employment termination date. Therefore, the City is not required to refund the state aid received for participants of the PLSDO.

For the reasons stated above, the October 1, 2007 order issued by the AG's Presiding Officer, which affirmed the findings and recommendations of the AG's November 27, 2006 compliance audit report requiring the City to refund excess state aid received through the General Municipal Pension System State Aid Program, is reversed.

### ORDER

AND NOW, this 18th day of November, 2008, the October 1, 2007 order issued by the Presiding Officer of the Department of the Auditor General is REVERSED.